UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DONNA LINDY, : Case No. 1:18-CV-00742
:
    Plaintiff, : Judge Susan J. Dlott
: Magistrate Judge Karen L. Litkovitz
v. :
:
HILLS PROPERTY MANAGEMENT, :
INC. : **STIPULATED PROTECTIVE ORDER**
:
    Defendant.

By stipulation and agreement of the parties and pursuant to the Court's authority to regulate documents and proceedings before it, the Court enters this Protective Order pursuant to Federal Rules of Civil Procedure 26(c) and 29 regarding discovery of any form whatsoever that concerns the information listed below. This Protective Order is necessary to protect the confidences and proprietary interests of the parties, and the parties have agreed that confidential or proprietary documents and information should be kept confidential, used only for the purposes of litigation between these parties, and disclosed only to certain designated persons. The Court hereby orders that such discovery of the information listed below will be subject to the following terms and conditions:

    1.    <u>Definition of Confidential Information</u>. The following shall constitute Confidential Information:

        (a)    Personnel information including, but not limited to, personnel files; documents or information that contain personnel information of any past, present, or prospective employees of Defendant (with the exception of Plaintiff Donna Lindy); performance ratings; supervisory notes, discipline reports, information relating to employment policies; and documents or information which the parties or the person(s) to which such information refers may claim, understand, or believe to be private, secret, or personal entrusted to someone in the course and scope of employment;

1

(b) Documents, lists and information containing the social security numbers, employee identification numbers, banking information, and any other information personal to the individuals listed;

(c) Non-public financial information including, but not limited to, information regarding earnings, profits, income, and/or financial status, including wage and benefit documentation or information regarding any employee or former employee of Defendant (with the exception of Plaintiff Donna Lindy);

(d) Information of Defendant that contains customer information, trade secrets, future business plans, market analysis, confidential research, development, commercial or other proprietary information, including but not limited to client contact information obtained during Plaintiff's employment with Defendant;

(e) Documents and/or information relating to any investigations or studies of any aspect of Defendant's business or operations by a third party consultant, person and/or entity;

(f) Any other information, documents, or things subject to protection under the law, including, but not limited to, Federal Rule of Civil Procedure 26;

(g) Any testimony specifically revealing Confidential Information as defined in Paragraphs 1(a)-(e) above;

(h) Extracts and summaries prepared from such materials set forth in Paragraphs 1(a)-(e) above; and

(i) Those portions of briefs, affidavits, and depositions, including exhibits thereto, which contain or restate the Confidential Information.

2. <u>Information that is not Confidential Information</u>. The following shall not constitute Confidential Information:

(a) Information that is public knowledge as shown in publicly available media (except if the information became public knowledge through a violation of this Stipulation);

(b) Information acquired from a third party who lawfully possesses such information and has no obligation to the owner of the information to keep the information confidential or secret; or

(c) Information that is known generally within the industry in which the parties conduct business.

3. <u>Designation of Confidential Information</u>.

   (a) The parties shall indicate the confidential nature of documents and other information to be produced and/or the confidential nature of testimony by affixing the word "CONFIDENTIAL" thereon or by identifying or by designating such documents, other information, and/or testimony as Confidential Information in writing or on the record in a deposition or other transcribed proceeding;

   (b) The designation of Confidential Information shall appear on all documents or information containing such material, including portions of depositions, briefs, or correspondence. Confidential designations to deposition transcripts shall be made on the record during such deposition or within thirty days after the party desiring such designation receives the transcript of such deposition. Unless otherwise agreed, depositions shall be treated as confidential during the thirty day period following receipt of the transcript; and

   (c) If material is too voluminous or it is impracticable to designate the material as Confidential Information, that material shall be so designated in the transmittal letter.

4. Confidential Information shall be used solely for the preparation, trial, and/or settlement of the action, and shall not be communicated or used for any other purpose whatsoever except as compelled by court order.

5. Confidential Information shall not be given, shown, made available, communicated, or disclosed to anyone other than:

   (a) The attorneys of record in this action and their associated attorneys, paralegals, and staff members working on the action;

   (b) The parties themselves;

   (c) Any employees, advisors, or agents of the parties who assist the attorneys of record in this action; provided, however, that before any such person reviews or receives any Confidential Information, s/he must read a copy of this Stipulation and agree in writing to abide by the same by signing a document in the form of Exhibit A hereto unless that person is otherwise authorized to review the Confidential Information at issue in the normal course of their job duties;

   (d) Independent consultants and/or experts retained by the parties to work on the action; provided, however, that before any such consultant or expert is shown or receives any Confidential Information, s/he must read a copy of this

3

Stipulation and agree in writing to abide by the same by signing a document in the form of Exhibit A hereto;

(e) Witnesses interviewed by a party's representatives or attorney, or persons deposed in this lawsuit; provided, however, that before any information, document or thing designated as Confidential Information is shown to a witness, s/he must read a copy of this Stipulation and agree in writing to abide by the same by signing a document in the form of Exhibit A hereto unless that person is otherwise authorized to review the Confidential Information at issue in the normal course of their job duties;

(f) Stenographic reporters engaged for depositions or other proceedings necessary to the conduct of the action;

(g) Such persons as the undersigned counsel shall mutually consent to in writing or on the record prior to the proposed disclosure; and

(h) The Court and its staff.

6. Third parties producing documents in the course of this action may also designate documents as confidential, subject to the same protections and constraints as the parties to the action. The parties shall treat such third-party designated confidential documents as Confidential Information pursuant to the terms of this Stipulation.

7. If a dispute arises as to the designation of materials as Confidential Information, the parties agree to attempt to resolve the issue in good faith. If the matter is not resolved by the parties themselves, the party challenging the confidential status of information shall bring the dispute before the Court for a determination. The party asserting the confidential status of the information shall have the burden of showing that the materials contain Confidential Information and are thus subject to the restrictions of this Stipulation. During the pendency of the dispute, the materials shall be treated as Confidential Information in accordance with the terms of this Stipulation.

8. Acceptance of materials designated as Confidential Information will not be construed as an admission that the materials are properly designated as Confidential Information. A party need not challenge the propriety of a designation of a document or information as confidential at the

time made, and failure to do so shall not preclude subsequent challenge to the designation or constitute any admission of confidentiality.

9. Except as expressly provided herein, nothing in this Stipulation is intended to limit or have the effect of limiting either party's right to make use of such information for any purposes or uses permitted under the Federal Rules of Civil Procedure or Rules of Evidence at any time during the pretrial preparation or trial of this case or any time up to and including the entry of judgment. Accordingly, subject to the Rules of Evidence, materials protected by this Stipulation may be offered in evidence at trial subject to such protective measures as may be directed by the Court.

10. If, at the time of trial, counsel designates any document containing protected Confidential Information on the party's Exhibit list, said counsel shall label the item as "CONFIDENTIAL" to give the opposing party reasonable notice to address the use of said information.

11. In cases of surprise or for good cause shown, if, at the time of trial, counsel intends to introduce any Confidential Information not covered by Paragraph 10, counsel shall so inform the Court and opposing counsel and provide reasonable notice before such Confidential Information may be submitted to the Court or provided to opposing counsel.

12. Neither the provisions of this Stipulation nor any failure by a party to designate any information, document, or material as Confidential Information shall constitute a waiver of the rights of a party to assert confidentiality with respect to the information, document, or material meeting the definition of Confidential Information. Any party who inadvertently fails to identify documents as Confidential Information shall provide written notice of the error immediately and substitute appropriately-designated documents. The information, document, or material identified will be treated as if it had been originally designated as Confidential Information and will be subject to the terms of this Stipulation. Any party receiving the improperly-designated documents shall retrieve

such documents from persons not entitled to receive the documents and shall return or destroy the improperly-designated documents. If a party produces multiple identical copies of a document (but with different bates numbers) and one has not been designated as confidential, all identical copies shall be treated according to the most restrictive designation.

13. The procedure for filing documents which have been marked "CONFIDENTIAL" is as follows:

    (a) If Plaintiff intends to file in the Court's open public docket any document(s), marked as CONFIDENTIAL by Defendant, in support of or in opposition to any motion for summary judgment, she will have the full amount of time to prepare the opposition or motion and accompanying document(s) as is provided by the Federal Rules of Civil Procedure and/or Local Rules ("Rules") for that particular form of pleading. However, rather than file the opposition or motion in the Court's open public docket, Plaintiff will deliver the draft opposition or motion and all documents marked CONFIDENTIAL to Defendant's counsel, within the applicable time set forth in the Rules, for review and evaluation. If Defense counsel consents to filing the document(s) marked CONFIDENTIAL on the Court's open public docket, Defense counsel will promptly so advise Plaintiff's counsel and Plaintiff shall promptly file her motion and accompanying document(s) with the Court.

    (b) If counsel for Defendant concludes that certain of the documents tendered by Plaintiff's counsel should be filed under seal, then Defense counsel will advise Plaintiff's counsel in writing (either electronically or via U.S. Mail service) and promptly discuss the filing and any alternatives available to protect the confidentiality of the document(s) concerned. If the parties agree

6

to a resolution acceptable to both parties, then Plaintiff shall promptly file her opposition or motion and accompanying document(s) with the Court in accordance with the agreed upon resolution.

(c) If counsel for the parties cannot agree as to the filing of the CONFIDENTIAL document(s), then Defendant may seek the assistance of the Court in resolving the dispute or may seek an Order from the Court requiring that the document(s) in question be filed under seal.

(d) If the Defendant is not able to resolve the dispute with the Court's assistance or if the Court ultimately declines to have the document(s) filed under seal, then the Plaintiff may file the opposition or motion and accompanying document(s) in in the Court's open public docket.

(e) Notwithstanding the foregoing, Defendant's time to respond or reply to a filing under the procedure described in this paragraph shall begin to run from the time Plaintiff's opposition or motion is filed with the Court.

14. At the termination of this litigation, including any appeals, and within ninety days of a written request by the disclosing party to return Confidential Information, counsel for any party that received Confidential Information from an opposing party shall return immediately to counsel for the disclosing party all Confidential Information disclosed subject to this Stipulation. Counsel for a party may retain pleadings containing Confidential Information and work product (*e.g.*, memoranda or attorneys' notes) containing Confidential Information for archival purposes.

15. The production of information and/or documents pursuant to this Stipulation shall not constitute an admission that the information and/or documents are relevant, discoverable, or

admissible at any trial or hearing in this proceeding. The party producing documents and/or information pursuant to this Stipulation does not waive any objections to the admissibility of such documents and/or information at any hearing, trial, arbitration or other proceeding.

16. Nothing in this Stipulation shall preclude any party from seeking further or different protection from the Court under Federal Rule of Civil Procedure 26(c).

17. The obligations imposed by the Protective Order shall survive the termination of this action, and the Court shall retain continuing jurisdiction to enforce the terms of the Order.

**IT IS SO ORDERED.**

Date: 7/2/19

_____
Karen L. Litkovitz
United States Magistrate Judge

/s/ Brian Butler
Brian J. Butler, Esq. (OH 0082675)
Daniel J. Treadaway, Esq. (OH 0098000)
MEZIBOV BUTLER
615 Elsinore Place, Suite 105
Cincinnati, OH 45202
P: (513) 621-8800
F: (513) 621-8833
E: bbutler@mezibov.com
E: dtreadaway@mezibov.com

*Attorney for Plaintiffs*

/s/ Michael Mattingly
Michael B. Mattingly, Esq. (OH 0089847)
Michael S. Glassman, Esq. (OH 0012713)
DINSMORE & SHOHL LLP
255 East Fifth Street, Suite 1900
Cincinnati, Ohio 45202
P: (513) 977-8200
F: (513) 977-8141
E: michael.mattingly@dinsmore.com

*Attorneys for Defendant Hills Property Management, Inc.*

**EXHIBIT A**

## WRITTEN ASSURANCE

I hereby acknowledge that I have received a copy of the Stipulation for a Protective Order entered in *Donna Lindy v. Hills Property Management, Inc.*, Case No. 1:18-CV-00742. I have read and understand the terms of the Stipulation, and I agree to be bound by all of the terms thereof. I understand that any violation of the Stipulation may subject me to sanctions by the Court.

I shall not divulge any documents, or copies of documents, designated "Confidential" obtained pursuant to the Stipulation, or the contents of such documents, to any person other than those specifically authorized by the Stipulation. I shall not copy or use such documents except for the purposes of this action and pursuant to the terms of the Stipulation.

As soon as practical, but no later than thirty days after final termination of this action, I will return to the attorney from whom I have received them, any documents in my possession designated "Confidential" and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents.

I submit myself to the jurisdiction of the United States District Court for the Southern District of Ohio for the purpose of enforcing or otherwise providing relief relating to the Stipulation.

Dated: _____    _____
                                   Signature

                                   Printed Name: _____